IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE RINKE,

        Plaintiff,

v.

VALLEY FLORAL COMPANY, LLC,

        Defendant.

Case No. 25-CV-1230-KHV-TJJ

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

    Plaintiff brings this case for alleged age discrimination, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq., against her former employer, Valley Floral Company, LLC. On October 1, 2025, the United States District Court for the Eastern District of Missouri transferred the case to the District of Kansas.[1] This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 2). Plaintiff requests the appointment of a lawyer to represent her in this case.

    Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[2] Courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel."

---

[1] *See* Oct. 1, 2025 Mem. & Order of Transfer (ECF No. 4) (finding Plaintiff resides in Prairie Village, Kansas, she alleges that the age discrimination occurred in that same city, and Defendant Valley Floral Company, LLC is also located in Kansas).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[3] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

For a plaintiff who asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the district court has discretion to appoint counsel "in such circumstances as the court may deem just."[4] The Tenth Circuit has identified four factors as relevant to evaluating a motion for the appointment of counsel in Title VII cases.[5]  Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[6] In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[7] The discretion granted to the court in appointing counsel is extremely broad.[8] To show diligent efforts to secure an attorney, this District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[9] Therefore,

---

[4] 42 U.S.C. § 2000e-5(f)(1). The Court can also appoint counsel under the Americans with Disabilities Act "in such circumstances as the court may deem just." 42 U.S.C. § 12117(a) (incorporating the powers, remedies and procedures of 42 U.S.C. § 2000e-5(f)(1)).

[5] *Castner*, 979 F.2d at 1420–21.

[6] *Id.* at 1421.

[7] *Id.*

[8] *Id.* at 1420.

[9] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's Motion for Appointment of Counsel under the above factors. Plaintiff states in her motion that she believes she is entitled to redress in this case, she is unable to pay a reasonable attorney fee due to poverty, and she has made diligent efforts to obtain legal counsel, but because of her poverty, has not been able to secure counsel. She states that she has "spoken with the KS Bar Association unsuccessfully in hopes of finding a Pro-Bono Attorney."[10] The Court finds that Plaintiff's described efforts of merely speaking to the Kansas Bar Association is not enough to show reasonable diligence in attempting to secure counsel about the events giving rise to this case prior to filing her motion. This Court typically requires a party seeking the appointment of counsel in an employment civil case to contact at least five attorneys or law firms that handle employment cases.[11]  The other factors also do not support the appointment of counsel at this time. A review of Plaintiff's filings to date shows that she appears capable of adequately representing herself without counsel at this early stage of the proceedings.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **denied without prejudice**.

A copy of this Order shall be mailed to Plaintiff.

---

[10] Mot. (ECF No. 2).

[11] *See* D. Kan. form motion for appointment of counsel, available at:. https://www.ksd.uscourts.gov/sites/ksd/files/Motion-for-appointment-of-counsel-2018.pdf.

IT IS SO ORDERED.

Dated October 28, 2025, in Kansas City, Kansas.

                                                    Teresa J. James
                                                    U. S. Magistrate Judge