**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JULIE RINKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 25-1230-KHV** |
| | ) | |
| **VALLEY FLORAL COMPANY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

In the United States District Court for the Eastern District of Missouri, Julie Rinke filed suit pro se against Valley Floral Company, LLC, alleging discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  On October 1, 2025, the Honorable Cristian M. Stevens of the Eastern District of Missouri transferred the case to the District of Kansas.  On February 2, 2026, the Court sustained defendant's Motion To Dismiss (Doc. #13) filed December 29, 2025 because plaintiff had not filed a response and for substantially the reasons stated in defendant's motion.  See Memorandum And Order (Doc. #16) at 1.  This matter is before the Court on plaintiff's letter (Doc. #18) filed February 13, 2026, which the Court construes as a motion to reconsider, and plaintiff's letter (Doc. #19) filed February 13, 2026, which the Court construes as a supplement to the motion to reconsider.  For reasons stated below, the Court sustains plaintiff's motion.

## Legal Standards

The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear

error or prevent manifest injustice.  D. Kan. Rule 7.3; Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such motions are not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001).  Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law.  See Servants of Paraclete, 204 F.3d at 1012.

Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

Plaintiff argues that she did not receive defendant's motion to dismiss, and did not learn of it until February of 2026, when she received the order of dismissal.  Defendant does not dispute that plaintiff did not receive a copy of its motion.  Accordingly, in the interest of justice, the Court should not have sustained the motion as uncontested.

As noted above, the Court also sustained defendant's motion to dismiss for substantially the reasons stated in the motion.  See Memorandum And Order (Doc. #16) at 1.  Specifically, plaintiff failed to file suit under the ADEA within 90 days after she received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").  See id. at 1–2 (citing 29 U.S.C. § 626(e) and Determination And Notice Of Rights issued April 16, 2025, attached to Employment Discrimination Complaint (Doc. #1) filed September 23, 2025).

Liberally construed, plaintiff's motion to reconsider suggests that at the direction of an employee at the Clerk's Office for the United States District Court for the Eastern District of Missouri, she submitted her complaint for filing by facsimile on July 15, 2025—some four days

before the 90-day deadline.  See Doc. #19 at 1.  Plaintiff has not precisely described the nature of her efforts to confirm that the Clerk timely received her complaint, but her allegations invoke the doctrine of equitable tolling.  See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (equitable tolling doctrine extended sparingly but allowed where claimant actively pursued judicial remedies by filing defective pleading during statutory period); see Carlile v. S. Routt Sch. Dist., 652 F.2d 981, 986 (10th Cir. 1981) (equitable tolling might be appropriate where plaintiff lulled into inaction by past employer, government agency or courts).  Defendant has not responded to plaintiff's allegation.  To prevent manifest injustice, the Court vacates the prior order which dismissed plaintiff's complaint so that plaintiff can have an opportunity to state the precise factual basis for her assertion of equitable tolling.  **On or before May 29, 2026, plaintiff may file an amended complaint which alleges a factual basis for her claim of equitable tolling.**[1]

**IT IS THEREFORE ORDERED** that plaintiff's letter (Doc. #18) filed February 13, 2026, which the Court construes as a motion to reconsider the Court's Memorandum And Order (Doc. #16) filed February 2, 2026, is **SUSTAINED**.  The Memorandum And Order (Doc. #16) and Judgment In A Civil Case (Doc. #17), both filed February 2, 2026, are **VACATED**.  **On or before May 29, 2026, plaintiff may file an amended complaint which includes allegations of equitable tolling.**

Dated this 11th day of May, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]    In doing so, plaintiff should note that the doctrine of equitable tolling ordinarily applies only if she can plead facts which establish that she was "actively misled" or was in some extraordinary way prevented from asserting her rights.  Montoya v. Chao, 296 F.3d 952, 957–58 (10th Cir. 2002) (quoting Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984)).